## Case No. 3,037.

### Ex parte COLUMBIAN INS. CO.

### In re L. A. SURETTE.

[2 Lowell, 5.] [1]

District Court, D. Massachusetts. March, 1871.

PROOF OF DEBT AGAINST BANKRUPT GARNISHEE.

1. A. was sued; and B., who owed him a debt, was summoned as his trustee (or garnishee), and defaulted, and afterwards went into bankruptcy, and A. proved the debt. Afterwards the attaching creditors obtained judgment and issued execution against A., and against his funds in the hands of B., and made demand on B. and on his assignees in bankruptcy to pay them the debt towards the satisfaction of the execution, which was refused. They then proved the supposed amount of the debt owed by B. to A. against B.'s estate in bankruptcy. _Held_, they had no provable debt, and were not creditors of B. at the date of the bankruptcy.

2. Whether the lien which they held upon the debt by virtue of their attachment was absolutely dissolved, or might have been availed of in some way by applying to the equitable powers of the court, quaere?

3. Whether the first judgment alone, before scire facias brought, would have made them creditors of B., if recovered before the bankruptcy, quaere?

LOWELL, District Judge. The receivers of the Columbian Insurance Company, a corporation established in the state of New York, petitioned the court for the dividend which had been declared upon the debt proved by them. The assignees, in their answer, set up that the debt ought not to have been proved, and pray that it may be expunged. The assignees should have moved to expunge as soon as they discovered that the debt was proved. It is no answer to a demand for the dividend that the debt was improperly allowed. But as all the facts have been brought to my notice, and the case has been argued, I may treat the answer as a motion to stay the dividend until the assignees can have the question properly passed upon.

Surette owed the insurance company a large sum of money for premium notes overdue; and before his bankruptcy the company was sued in the superior court at Boston by John S. Hall & Co., and Surette was summoned as trustee. He entered no appearance, and was defaulted; but the receivers of the company came in, and claimed the funds, on the ground that the proceedings in New York to dissolve the corporation took precedence of the attachment in Massachu-

setts. This point having been decided against them in one of the cases involving the same considerations, they withdrew their claim, and Surette was charged as trustee of the company, and judgment was obtained against the company and against their funds in the hands of Surette; but this was some months after the bankruptcy. Upon the execution, demand was duly made upon Surette and upon his assignees in bankruptcy to pay the debt to the judgment creditors. After this, John S. Hall & Co., the judgment creditors, proved against Surette's estate here the supposed amount of his debt to the company. The latter, acting by the receivers, had proved the same debt long before that time; so that this debt has been twice proved.

According to the decision of the supreme judicial court in Pingree v. Hudson R. Ins. Co., 10 Gray, 170, Surette might plead his discharge, if he obtained it, as a bar to the suit as against him; and the reasoning of the court is, that the bankruptcy works a virtual release of the attachment, and authorizes the creditor whose debt has been attached to prove in bankruptcy, notwithstanding the trustee process. It follows that the receivers had the right of proof, and must hold the dividend. I see no other result which can be worked out in this case. The attaching creditors had no debt against Surette which they could prove at the time of the bankruptcy; and, though they have obtained a judgment since, yet that cannot relate back, because it was not founded on a provable debt. All that Hall & Co. had at the date of the bankruptcy was a lien upon the debt which Surette owed to the insurance company; but there is no decision or principle of law by which they had, as matter of right, the power to prove the debt in the name of the company. It may be that the bankrupt court could work out an equitable remedy if applied to in time; or perhaps the state court in which the attachment was pending might do so,—a remedy, I mean, by which the lien should be preserved and applied to any dividend that might be paid upon the debt. No application was made to either court, and both parties stand on their legal rights.

I cannot hold that a judgment creditor obtaining his judgment, and making demand on the garnishee long after the bankruptcy, has a debt provable ex parte against the garnishee's estate in bankruptcy. It is doubtful whether he would have had such a debt, even if the judgment had been entered up before bankruptcy, because his next step is scire facias, to ascertain the amount for which the garnishee shall be his debtor; the first judgment merely being that the latter holds something which, upon due demand, he must pay over to the judgment creditor. After demand, he might, perhaps, be considered a debtor for an amount which the bankrupt court would be capable of liquidating.

In this case, reserving my opinion whether

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

an equitable remedy could ever be worked out, and in what mode, I hold that the proof made by the receivers must stand, and that of Hall & Co. must be expunged.

---

COLUMBIAN INS. CO. (CATLETT v.). See Case No. 2,514.

COLUMBIAN INS. CO. (DONNELL v.). See Case No. 3,987.

COLUMBIAN INS. CO. (GARDNER v.). See Cases Nos. 5,224 and 5,225.

COLUMBIAN INS. CO. (SANDERSON v.). See Case No. 12,298.

COLUMBIAN INS. CO. (STUART v.). See Case No. 13,554.

COLUMBIAN INS. CO. (UNITED STATES v.). See Case No. 14,840.

COLUMBIAN INS. CO. (VOWELL v.). See Case No. 17,019.